## Commonwealth v. Tedesco

Before Marshall and Van der Voort, JJ.

*Edward C. Boyle*, District Attorney, for plaintiff.
*Albert Martin*, for defendant.

VAN DER VOORT, J., June 20, 1960.—On or about March 27, 1958, police officers of the City of Pittsburgh, unarmed with any warrant of search or seizure, raided the home of defendant because they had reason to believe he was engaged in the operation of a lottery (numbers). According to the arguments of counsel, there were found in his home a quantity of numbers slips. During the search the police found in a bureau drawer of defendant 12 photographs, some of which were obscene, and this prosecution was

brought charging defendant with possession of obscene literature under section 524 of The Penal Code, as amended by the Act of July 17, of 1957, P. L. 972, paragraph 1, 18 PS §4524. There being no dispute as to the facts in the case, a motion to quash was filed and argued before the court en banc consisting of Marshall and Van der Voort, JJ. Judge Marshall having died in the meantime, the case has been referred to the writer for a decision.

## Facts

The photographs found in defendant's bureau drawer were in a packet and purported to be photographs of frescoes of the ancient City of Pompeii. While some question might be advanced as to the character of some of the photographs, there is no question that some of them were lewd and obscene. The district attorney, at the argument, conceded that no evidence could be produced of any specific intent to sell, lend, distribute, give away, show or knowingly advertise the photographs.

## Discussion

The Penal Code, section 524, makes it a criminal offense to have possession of obscene photographs with intent to sell, lend, distribute, give away or to show or to knowingly advertise the same. The section is a long one and is therefore not quoted verbatim herein, much of said section being immaterial. The Commonwealth zealously enforces this provision of the criminal law and of necessity must continue to press for strict enforcement. Under the section, however, it was intended to prohibit the exhibition or circulation of obscene photographs or other literature. It was not the intent of the legislature to make the private possession of an insignificant number of such photographs a criminal offense. By accepted standards of decency, the possession of the photographs marks defendant with

poor taste. However, it is not the policy of the law to control the personal taste of individuals in the way they conduct themselves in their homes where no harm is caused to other persons. The admitted facts in the case indicate a desire on the part of defendant to conceal the pictures. The Penal Code punishes the showing of them. Under certain circumstances an intention to sell, give away, show or otherwise circulate may be inferred from mere possession of obscene photographs; the circumstances in this case, however, affirmatively refute such an inference. It is obvious that were this case to be tried it would result in no more than the sustaining of a demurrer to the evidence. The indictment will therefore be quashed.

### Order

And now, June 20, 1960, after argument in open court, the indictment at no. 105, May sessions 1958, is quashed, and an appropriate order may be prepared and entered upon the indictment by the clerk of courts.